# Merrill *v.* Sheffield Co. *et al.*

*Damages for Injury to Person and Property.*

(Decided May 19, 1910.   53 South. 219.)

1. *Street Railways; Injuries to Pedestrians; Complaint; Negligence.*—In an action for injuries to person and property from a collision with a street car, besides alleging that the motorman failed to sound the gong and to check or stop the car as was his duty, the count should allege either that plaintiff was in dangerous proximity to the track, or that the motorman saw or should have seen his dangerous position, or some other fact requiring the motorman to use the precautions stated, else the count is demurrable.

2. *Same.*—A count alleging in the charging part that the wantonness, etc., was a corporate act, and in the specification alleging the act as that of the defendant's servant is defective and subject to demurrer.

3. *Same; Right in Streets.*—The public and a street railway company each have the right to use a street, and one traveling in a vehicle on or near the tracks of a street car is not a trespasser per se.

4. *Same; Evidence.*—In an action against a street car company for injuries resulting from a collision, the fact that the cars were accustomed to stop at a street a block and a half from the scene of the accident, was irrelevant.

[Merrill v. Sheffield Co. et al.]

5. *Same.*—The fact that after the collision, the basis for the action of injury, had happened, that an ordinance was passed requiring the street car company to regrade the street and fill in between its cross ties, was irrelevant to any issue in the case.

6. *Same; Contributory Negligence; Care Required.*—The traveling public is under the duty to exercise ordinary care in driving on or along a street car track in the street.

7. *Same.*—The degree of care required to prevent negligent injury must be commensurate with the danger, and as an electric car moves more rapidly than a horse car, and cannot be as readily stopped, a greater degree of care is imposed upon those in charge of the car as well as persons driving near the track.

8. *Same; Duty of Pedestrian.*—It is as much the duty of one driving on the street car track to keep a lookout in each direction for approaching cars when sufficiently near the track to be struck by the cars, as it is the motorman's duty to keep a lookout for him.

9. *Same; Contributory Negligence.*—Where one drove so near a street car track as to be struck by passing cars and proceeded without looking or listening for approaching cars, such one was guilty of negligence barring recovery for an injury by being struck by a car, unless the motorman in charge of the car, failed to use reasonable care to avert a collision after discovering his peril.

10. *Same; Negligence.*—A motorman is not bound to stop a car whenever there is danger of collision unless the danger be imminent, as there is always more or less danger of collision attending the movement of cars and vehicles on a street.

11. *Same.*—Unless a motorman knows that a driver is unaware of the danger, he is not required to stop every time he sees one on the track in a vehicle.

12. *Same; Instructions.*—Charges as to the negligence barring recovery or as a basis for recovery are defective in not requiring the negligence to be the proximate cause of the injury, and the word essentially is not synonymous with proximately in that connection.

13. *Same; Rights on Track.*—The rights of a traveler to drive on or near a street car track is co-extensive with that of the street car company who uses the street, and a charge asserting that if plaintiff was exercising proper care for his own safety, he would have driven along or on the street at a safe distance from the track, was properly refused.

14. *Same; Comparative Right.*—The right of a car to use a track in a street is superior to that of a traveling vehicle, since the car is confined to the rails as laid and it is, therefore, the duty of one driving in a vehicle to vacate the track in favor of the car.

15. *Negligence; Allegation of.*—Reckless is not equivalent to wanton or intentional, and where a count in the charging part alleges that an act was recklessly and wantonly done while the specification charges only that it was recklessly or wantonly done, the count becomes demurrable.

16. *Same; Wanton Negligence.*—In order to constitute wanton negligence, the act done or omitted must have been done or omitted with the certain consciousness that injury will probably result;

[Merrill v. Sheffield Co. et al.]

such knowledge cannot be implied from knowledge of the dangerous situation, but there must be a design to do a wrong, or reckless indifference or disregard to the natural consequences of the act done.

17. *Pleading; Inconsistent Allegations.*—A count charging that the motorman negligently, carelessly and wantonly injured plaintiff by running a car against the vehicle in which he was riding is repugnant for joining simple negligence with wanton and wilful injury.

18. *Appeal and Error; Presentation of Grounds.*—Where the demurrer is not set out in the record, it will be presumed on appeal to have reached the defect in the pleading and the trial court cannot be put in error for sustaining it. ·

19. *Evidence; Hearsay.*—Testimony that after the collision the motorman in charge of a certain car with a broken step told a witness that that was the car that collided with plaintiff's vehicle, was not a part of the res gestae, and was hearsay and properly excluded.

20. *Witnesses; Examination.*—Matters brought out on cross may be further explained and exemplified by proper questions on a redirect examination.

21. *Trial; Reception of Evidence; Time of Objection.*—Objections to questions should come before they are answered, and the court is under no duty to exclude the answer unless the question was properly objected to.

22. *Same; Reception of Evidence; Good in Part.*—Where a part of an answer is good and another part objectionable, the motion to exclude should go to the objectionable part and not to the whole answer.

23. *Charge of Court; Misleading Instructions.*—The aggrieved party may always ask an explanatory charge, and should do so, and hence, it is not affirmative error to give a charge which is merely misleading.

24. *Same; Covered by Those Given.*—Charges substantially covered by charges already given may be properly refused by the trial court.

25. *Same; Misleading.*—Charges which define the duties properly · of a motorman to avoid a collision and conclude "and in this case you should find for the plaintiff and assess his damages, are properly refused as misleading and invasive of the province of the jury and otherwise bad.

26. *Same; Argumentative Instructions.*—An instruction asserting that in determining whether plaintiff's vehicle was driven along the track or had turned into the street car track, the jury could consider the mode and character of the damage to the car and the vehicle in determining how the damage was inflicted, and in determining the position of the parties in the vehicle, was a mere argument and properly refused.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Action by S. P. Merrill against the Sheffield Company and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The following portions of the oral charge of the court were excepted to:

(A1) "The right of an electric street railway in the use of the street is equal to that of the traveling public. It has no exclusive right to the use of that portion of the street occupied by its track. It has, however, to a certain extent, a right to the use of that portion occupied by its track superior to that of the traveling public, since the course of its cars in the street is a fixed one and confined to the tracks laid in the street."

(B2) "Owing to the higher rate of speed at which electric cars may be run, thus increasing the danger to the traveling public, those in charge of electric cars must exercise ordinary care, using such care as a reasonably prudent man would exercise, commensurate with the necessities of each case, having in view the instrument it is operating, the possibilities of danger from its operation, and due regard for the rights of others while on foot or in vehicles. So, also, it is the duty of the traveling public to exercise ordinary care."

(C3) "The use of electricity as a motive power has increased the degree of care to be exercised by street railway companies and travelers, either on foot or in vehicles. Both are held to a higher degree of care than before its usage."

(E5) "It is essential, to constitute wanton negligence, that the act done or omitted shall be done or omitted with a knowledge and certain consciousness that injury will probably result, and this knowledge is not to be implied from the mere knowledge of the elements of a dangerous situation. To constitute wanton negligence, there must be a design, purpose, or intent to do

a wrong, or reckless indifference or disregard of the natural or probable consequences of the act done."

(F5) "The general principle of law is that, although the defendant has been guilty of negligence producing injury, yet if the plaintiff, by his own misconduct or negligence, amounting to want of care, essentially contributed to produce the injury, he cannot recover on the counts in simple negligence."

The following charges were refused to the plaintiff:

(4) "It is the duty of the person operating the car to use all diligence in his power to avoid collision on the public streets of a city with vehicles, and if there is danger of a collision they must, if necessary, bring their cars to a full stop, and if they fail to do this, and by reason of such failure a collision does occur. and a person is injured thereby, they are guilty of negligence, and are responsible for all damages resulting therefrom."

(6) "If the jury believe from the evidence that the motorman did see the plaintiff in front of him, on or near the track, and did not, after seeing him, bring his car to a full stop, then you should find for the plaintiff, unless you further believe that, from the actions of the plaintiff in driving said vehicle, the motorman had reason to believe that plaintiff was out of all danger of a collision."

(12) "If the jury believe from the evidence that plaintiff was driving down Court street on November 24, 1904, and while so driving defendant's motorman approached plaintiff from the rear, operating a street car on defendant's track, and that said motorman did not keep a proper lookout for plaintiff, who was on or near said track, and that by a failure to keep such lookout plaintiff was knocked out of his vehicle by a collision with said car and injured, you must find for the plaintiff."

[Merrill v. Sheffield Co. et al.]

(7) "If the jury believe from the evidence that plaintiff in the vehicle he was driving was in plain view of the motorman when he started down Court street in his car, and that plaintiff was near the track or on the same, and that the motorman saw him, etc., or by the exercise of due caution might have seen him, and that said motorman did sound his gong and did slow down his car when he approached the plaintiff's vehicle, it was the duty of the said motorman to have brought said car to a full stop, and not to have proceeded until he was satisfied that he could continue along said track without danger to the plaintiff; and if the jury believe from the evidence that Beech, the motorman, brought his car almost to a full stop within a short distance from the vehicle of plaintiff, and then started said car again at a more rapid rate of speed, and then struck said vehicle and injured plaintiff, then said motorman was guilty of negligence, unless he had reason to believe, from the action of the plaintiff, and from the position of the vehicle at the time, that he could pass said vehicle in safety, and in this case you should find for the plaintiff, and assess his damages in such amount as you shall decide, not to exceed the amount sued for."

(17) "In determining whether or not the vehicle was driven along the track, or had turned into the street car track, you can consider the mode and character of the damage to the car and vehicle in arriving at a conclusion as to how the damage was inflicted, and the position of the parties and vehicles."

The following charges were given at the instance of the defendant:

(14) "The driver of a vehicle such as plaintiff was using in a public street on which a street railway is operated is bound to take notice of the conditions. He knows that the street cars run on grooved tracks, and

it is therefore impossible for the motorman to turn aside to avoid a collision with an object on the track; that the only means of avoiding a collision is by stopping the car; and that this cannot be done instantly. It is therefore negligent for the driver of a vehicle to suddenly turn directly in front of an approaching car, whether the car be coming from the direction in which he is driving or from the rear."

(30) "If Merrill had been exercising the proper care for his own safety, he would have driven along on that street at a safe distance from the street car track."

(31) "The accident in this case did not take place at a street crossing but at a point on the street between street crossings; and I charge you that at that place the right of the street car company on that portion of the street necessary to the operation of its car was superior to the rights of Merrill at that place."

(35) "I charge you, gentlemen of the jury, that it was as much the duty of Mr. Merrill to keep a lookout for the street car, while he was driving along the track sufficiently near to be struck by the car passing along the track, as it was the duty of the motorman in charge of the car to keep a lookout for him."

(36) "I charge you, gentlemen of the jury, that where a person is driving sufficiently near to a street car track to be struck by the cars running upon the same, it is as much his duty to keep a lookout in both directions for approaching street cars as it is the duty of those in charge of the street cars to keep a lookout for him."

(38) "The court charges the jury that the undisputed evidence in this case is that the plaintiff drove sufficiently near to the street car track of the defendant to be struck by a car moving upon said track, and that he thus proceeded down said track without looking or listening to see whether a car was approaching from the

rear, and I charge you, in so doing, that he was guilty of negligence which proximately contributed to his injuries, unless the jury find from the evidence that the motorman in control of said car failed to use all proper and reasonable efforts to avoid injuring him after discovering his position of peril."

EMMET O'NEAL, for appellant.   The court erred in sustaining demurrers to the 1st count.—*B. & E. Co. v. Baker*, 132 Ala. 507; *B. R. L. & P. Co. v. Ryan*, 41 South. 616.   The court erred in sustaining demurrer to the 3rd Count.—Authorities supra, and *Ry. Co. v. Robinson*, 28 South. 28; *Ry. Co. v. Brown*, 121 Ala. 221; *Armstrong v. Ry. Co.*, 123 Ala. 233.   The court erred in sustaining demurrers to the 7th count.—*B. R. L. & P. Co. v. Jones*, 41 South. 146; 4 Mayf. 303.   The court erred in sustaining demurrers to the 9th count.—*Mont. St. Ry. Co. v. Shanks*, 37 South. 170; *So. Ry. Co. v. Bush*, 122 Ala. 470; *L. & N. v. Markee*, 103 Ala. 160; *B. R. L. & P. Co. v. Clark*, 41 South. 829.   The court erred in sustaining demurrers to the 10th count.—*K. C. M. & B. v. Crocker*, 11 South. 268; *L. & N. v. Orr*, 26 South. 635; *Anniston E. & G. Co. v. Elwell*, 42 South. 46.   The court erred in excluding evidence that the public road was near to the track at the point where the accident happened.—*Anniston E. & G. Co. v. Elwell, supra*. Counsel discusses other assignments of error relative to evidence, but without citation of authority.   The court erred in its oral charge A.—25 Am. St. Rep. 435; *B. R. L. & P. Co. v. Clark, supra*.   The court erred in the oral charge B.—27 A. & E. Enc. of Law, 66; 110 Fed. 501.   The court erred in its charge as to wanton negligence.—*B. R. & E. Co. v. Pinckard*, 26 South. 880; *B. R. L. & P. Co. v. Landrum*, 45 South. 199; *B. R. Co. v. Bowers*, 110 Ala. 328.   The court erred in its gen-

eral charge relative to contributory negligence.—*Snider v. M. L. & Ry. Co.,* 40 South. 762. The court erred in refusing charge 4.—*Snider v. M. L. & Ry. Co., supra; B. Ry. Co. v. Bowers, supra; B. R. & E. Co. v. Pinckard, supra.* On these authorities the court erred in refusing charge 6. The court also erred in refusing charge 12. —*B. R. L. & P. Co. v. Jones,* 45 South. 179, and authorities next above. The court erred in giving charge 30.—124 Ala. 621; 27 A. & E. Enc. of Law, 73. The court erred in giving charge 31.—*B. R. & P. Co. v. Clark, supra; Snider v. Mobile L. & Ry. Co., supra.* The court erred in giving charge 38.—*Mont. St. Ry. v. Hastings,* 138 Ala. 432; *Mont. St. Ry. v. Shanks,* 139 Ala. 489; *B. R. L. & P. Co. v. Jones, supra; B. R. & E. Co. v. Brantley,* 141 Ala. 619.

ALMON & ANDREWS, for appellee. The relative duties and cares to be exercised by persons driving in the street occupied by a street car track and those in charge of cars operated on the track in the street may be found fully stated in the following cases.—*B. R. L. & P. Co. v. Clark,* 41 South. 829; *H. A. & B. Ry. Co. v. Sampson,* 112 Ala. 433; Clark's Accident Law, sec. 106; *B. R. & E. Co. v. Bowers,* 110 Ala. 328; *B. R. L. & P. Co. v. Oldham,* 141 Ala. 195; *H. A. & B. v. Maddox,* 100 Ala. 618. The court properly sustained the demurrers to the 1st count.—*B. R. L. & P. Co. v. Parks,* 47 South. 138; *M. L. & Ry. Co. v. Bell,* 45 South. 56; *B. R. L. & P. Co. v. Clark,* 41 South. 829. The 3rd count was subject to the demurrers interposed.—*B. R. L. & P. Co. v. Brown,* 150 Ala. 327; *B. R. L. & P. Co. v. Glover,* 142 Ala. 492. On the authorities under the general discussion, and those cited to count 3, the demurrers to the 7th count were properly sustained. This is also true of the 9th count. The 10th count was demurrable.—

*Anniston E. & G. Co. v. Elwell,* 42 South. 46; *B. R. L. & P. Co. v. Glover, supra.* Counsel discuss assignments of error relative to evidence, and conclude that the court was not in error.—*Postal T. Co. v. Lenoir,* 107 Ala. 640; *Tanner v. L. & N.,* 60 Ala. 621; *A. G. v. Hawks,* 72 Ala. 115. The court did not err in its oral charge.—168 Pa. 519; 153 Pa. 26; 12 Mich. 369. Counsel discuss assignments of error relative to charges, but without citation of authority further than those cited in the general discussion.

SIMPSON, J.—This action is by the appellant, against the appellees, for damages resulting from injuries received by the plaintiff from a collision of the electric street car of the defendants with a vehicle which was being driven by the plaintiff.

The first assignment of error, insisted on by the appellant, is to the ruling of the court in sustaining the demurrer to the first count of the complaint. There was no error in sustaining said demurrer. While it is true, as contended by appellant, that mere general allegations of negligence have been held sufficient by this court, yet it is also true that if the complaint undertakes to state what the acts of negligence were, the facts stated must show negligence. In the first count, the acts of negligence are, that the motorman "failed to sound the gong or check or stop the car, as was his duty to do;" but the count does not allege that the plaintiff was in perilous proximity to the track, or that the motorman saw, or could have seen, his perilous position, or any other fact raising the duty on the part of the motorman to use the precautions mentioned.— *Mobile Light & R. Co. v. Bell,* 153 Ala. 90, 45 South. 56; *Birmingham Ry.. Lt. & Power Co. v. Parker,* 156 Ala. 251, 47 South. 138.

The third count alleges that the defendant recklessly *and* wantonly or intentionally caused said injuries and damages to plaintiff, in that defendant, through its agents or servants recklessly *or* wantonly or intentionally caused said collision. In addition to the fact that the charge in said count is that the wantonness, etc., was the corporate act of the defendant, while the specification describes the acts of its servants, the count is also defective, because the charge is that the act was recklessly *and* wantonly done, while the specification is that it was recklessly *or* wantonly done. The word "reckless" is not the equivalent of "wanton" or "intentional."—*K. C., M. & B. R. R. Co. v. Crocker,* 95 Ala. 412, 433, 11 South. 262; *L. & N. R. Co. v. Barker,* 96 Ala. 435, 439, 11 South. 453; *Stringer v. Alabama Mineral R. Co.,* 99 Ala. 397, 410, 13 South. 75; *L. & N. R. Co. v. Anchors, Adm'r,* 114 Ala. 492, 500, 22 South 279, 62 Am. St. Rep. 116; *L. & N. R. Co. v. Orr,* 121 Ala. 489, 497, 26 South. 35.

The demurrer to said third count was properly sustained.

The seventh count alleges that the motorman "negligently, carelessly, and wantonly injured the plaintiff," by running the street car against the vehicle in which plaintiff was riding. Said count was demurred to, among other causes, because "said count seeks to join in one and the same count an action for simple negligence, and an action for wanton negligence or intentional injury." This court has said that a count which ascribed the injury to "negligence, carelessness and wantonness" was "bad for repugnancy," as an act could not be done through inadvertence, and at the same time be done wantonly. There was no demurrer to that count, and the matter coming up on the question whether the plea of contributory negligence was applicable, the

[Merrill v. Sheffield Co. et al.]

court held that, construing the count against the plead-
er, it charged merely negligence.—*L. & N. R. Co. v. Orr,
Adm'r,* 121 Ala. 489, 497, 498, 26 South. 35. To the
same effect is the case of *Southern Railway Co. v. Bush,*
122 Ala. 470, 482, 26 South. 168, the question not being
raised by demurrer.

In the case of *Louisville & Nashville Railroad Co. v.
Anchors,* 114 Ala. 492, 496, 500, 501, 22 South. 279,
282, 62 Am. St. Rep. 116, count 6 used the words "wil-
fully or wantonly," but the court held, taking all the
averments together, that it charged only negligence, and
that the demurrer, setting up an absence of any aver-
ments showing wilfulness or wantonness should have
been sustained; but the court said: "It may be that
this count is objectionable in that it unites averments
of simple negligence with averments showing wilful in-
jury, but no objection was raised on this account, and
the demurrer to it was properly overruled."

In the case of *Memphis & Charleston Railroad Co. v.
Martin, Adm'r,* 117 Ala. 367, 374, 382, 23 South. 231,
one of the causes of demurrer was that the count was re-
pugnant and inconsistent, because it combined charges
of simple negligence with charges of wanton injury;
and the court held that the demurrer should have been
sustained, stating that if the count had not been demur-
red to, the court, construing it against the pleader,
would have held that it charged only simple negligence.

In the case of *Cartlidge v. Sloan,* 124 Ala. 596, 599,
600, 26 South. 918, the court declined to consider the
action of the court on the demurrers on account of the
insufficiency of the statement in the record as to the
judgment, but held the count "bad for repugnancy,"
and that it would be considered as alleging only simple
negligence.

When a count contains inconsistent and contradictory averments, in the statement or description of the cause of action, it is subject to demurrer.—*Andrews v. Flack & Wales*, 88 Ala. 294, 299, 6 South. 907; *Munter & Faber v. Rogers*, 50 Ala. 283, 290. Under these authorities we hold that while, if count 7 had not been demurred to, it might have been construed as charging only simple negligence, yet as the point was made by demurrer the count is repugnant, and the demurrer to it was properly sustained.

The ninth count sufficiently charges simple negligence, and the demurrer to it should have been overruled. It does not show that the plaintiff was a trespasser; on the contrary, it alleges that the plaintiff was traveling on that part of a public street, which was usually traveled by the public near the intersection of another street. The street railway company and the public have each the right to the use of the street, and the fact that the plaintiff was traveling on or near the track, did not make him a trespasser, per se.—*B. R., L. & P. Co. v. Clarke*, 148 Ala. 673, 41 South. 829-831; 27 Am. & Eng. Ency. Law (2d Ed.) pp. 68, 72-74.

The demurrer to count 10 is not set out in the record; hence the court cannot be placed in error for sustaining it. The count is evidently defective and repugnant, as it alleges that the motorman "*wilfully*, carelessly and *wantonly* failed to check," etc., and that "by reason of such *negligence and carelessness*, said car collided," etc., also that the plaintiff "suffered said injuries by reason of the negligence and carelessness of the motorman."

There was no error in sustaining the objection to the question to the witness, Will Young, as to whether the cars were in the habit of stopping at College street, as that was irrelevant to the issues in the case. Its cus-

tom or habit of stopping at a street a block and a half away could not shed any light on the speed of the car at this particular time.

The question to the witness, Burt Hargraves, as to what part of the street people traveled on, was not objected to; hence the objection after the answer was made came too late, and the overruling of the objection cannot be a subject of error.

There was no error in sustaining the objection to the question to the witness Hall as to whether any officer, conductor, or motorman in charge of the car with the broken step told the witness that it was the same car that had collided with plaintiff's vehicle. It was hearsay testimony, and a statement of a past transaction.— *Tanner's ex'r v. L. & N. R. R. Co.*, 60 Ala. 621, 643; *A. G. S. R. Co. v. Hawk*, 72 Ala. 112, 117, 47 Am. Rep. 403; *M. & C. R. Co. v. Womack, Adm'r*, 84 Ala. 149, 150, 4 South. 618; *Mitcham v. Schuessler Bros.*, 98 Ala. 635, 637, 13 South. 617.

The plaintiff's witness, Hall, had stated on his cross-examination that "the driving was much better about a foot and a half from the track, for the outer edges of the street were considerably washed." On re-examination said witness was asked by the plaintiff whether there were any gullies outside of the regular driveway next to the track. No objection was made to the question, and the answer was, "Further away you get from the track, the rougher the street is; the gullies are rough. We always drive close to the rail." The defendant then objected to the question and answer, which objection was sustained and the answer excluded from the jury. This was error, as the plaintiff had the right to examine the witness further on the new matter brought out on cross-examination, and it was merely a further explanation of what had been stated on cross-

examination. If the sentence "We always drive close to the rail" was objectionable, the motion should have been to exclude those words and not the entire answer.

There was no error in the sustaining of the objection to the introduction of the ordinance passed by the mayor and aldermen of the City of Florence, some time after the collision complained of, requiring the defendant to regrade the street, and fill in between the cross-ties, as that could throw no light on the question of negligence, some time before that.

With regard to that part of the oral charge of the court marked "A1," excepted to, the only insistence of the appellant is that it is misleading. A court cannot be placed in error for giving a charge which is merely misleading. The remedy is to ask an explanatory charge.

Appellant excepted to all that portion of the oral charge marked "B2," and now referring to his ninth assignment objects "to that portion of the general charge which says the use of electricity has increased the degree of care required of travelers." We find no such language in this portion of the charge; it only says that "it is the duty of the traveling public to exercise ordinary care." The court committed no error in this part of the charge.

The tenth assignment refers to that portion of the oral charge marked "C3," which asserts the proposition that the use of electricity, as a motive power, has increased the degree of care by street railway companies and travelers. This is necessarily true. The degree of care to be exercised by both parties must be commensurate with the danger, and an electric car which moves more rapidly than a car drawn by horses necessarily suggests a greater degree of care to avoid collision, and the person driving across or near the track must also

recognize the greater danger of its overtaking him, and the fact that it cannot be so readily stopped, as if it was moving slowly by animal power.

Charge "E5," correctly states the law, and was properly given.—*Birmingham Ry. & Electric. Co. v. Bowers,* 110 Ala. 328, 331, 20 South. 345; *Birmingham Ry,. Lt. & P. Co. v. Landrum,* 153 Ala. 192, 45 South. 198, 202, 127 Am. St. Rep. 25.

Charge "F5" is defective in using the word "essentially" in place of "proximately," and should not have been given.

There was no error in refusing to give charge 4, requested by the plaintiff. It is not correct to say that if there is "danger of a collision" the motorman must stop the car, because there is always more or less danger when the car is running and vehicles and persons are moving along the streets. The danger must be imminent.—*Schneider v. Mobile Light & R. Co.,* 146 Ala. 344, 40 South. 761, 762; *Birmingham Ry., Lt. & P. Co. v. Clarke,* 148 Ala. 673, 41 South. 828, 831.

There was no error in the refusal to give charge 6, requested by the plaintiff. Merely seeing a person on the track does not raise the duty to stop, unless "he is conscious of the fact that the driver is unaware, or heedless of the danger."—*Schneider's Case, supra,* at page 347 of 146 Ala., at page 762 of 40 South.

There was no error in refusing to give charge 12, requested by the plaintiff, as it was substantially given in charge 11, given at the request of the plaintiff.

Besides other defects, charge 7, requested by the plaintiff, was misleading, the concluding clause being a peremptory charge to find for the plaintiff in this case.

Charge 17 was argumentative, and properly refused. If charge 14, given at the request of the defendant,

17—169

was merely misleading, as contended by the appellant, that would not constitute reversible error.

Under the principles hereinbefore stated as to the right of a traveler to drive near or on the track of a street car company, the court erred in giving charge 30, at the request of the defendant.

Charge 31, given at the request of the defendant, was probably misleading but not erroneous. The right of the company is superior to that of the traveler, not in the sense that the traveler has not an equal right to use that part of the street, but only in the sense that it is the duty of the traveler to vacate that part in favor of the car, as the car cannot travel anywhere else.

There was no error in giving charges 35 and 36, at the request of the defendant.

It was not error to give charge 38, at the request of the defendant.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.