# Brown *v.* St. Louis & S. F. R, R. Co.

## *Death of Person on Track.*

(Decided April 11, 1911.   Rehearing denied May 12, 1911.
55 South 107.)

1. *Pleading; Contributory Negligence; Fact.*—While a plea of contributory negligence is required to set forth the facts and not the mere conclusions of the pleador, yet the rule does not require that such a plea should allege all the facts so specifically as to show that there was some other safer way to avoid the injury.

2. *Same; Negligence.*—Whether stated as a cause of action, or as a defense, the averment of negligence is not required to be so specific as the proof necessary to sustain it.

3. *Railroads; Persons on Track; Contributory Negligence.*—Where a person finding himself in a place of danger upon a railroad trestle, and in danger of being run over by an approaching train, runs along the trestle in the direction of the approaching train until he reaches a point where it is too late for the defendant's servants in charge

of the train to avoid injuring him, he is guilty of contributory negligence.

4. *Same; Instructions.*—Where the action was for the death of one wrongfully struck by an engine, a charge asserting that evidence as to the distance within which a train may be stopped is not conclusive, but that the question is whether the defendant's engineer, after his mind realized the intestate's danger, negligently or intentionally failed to use the means at his command to avoid the injury, is not erroneous as omitting wantonness, as it is not a charge referring to wanton injury, the court already having charged that plaintiff was not entitled to recover on the counts charging wantonness.

5. *Same; Injuries Avoidable Notwithstanding Contributory Negligence.*—Where the action was for the wrongful death of a person on a trestle, a charge asserting that the question was not whether the engineer might have observed the plaintiff's intestate, he being under no duty to look out for him, but whether, after becoming conscious of his position of peril, he negligently failed to use some means to avoid the injury which would have suggested themselves to the mind of an ordinarily prudent man under the same circumstances, is erroneous; since the failure to use some means may be taken to mean that it was his duty to use all means, and that if he failed in some manner, he was guilty, and since it does not define his duty as to that of using all means and appliances known to prudent and skillful engineers.

6. *Same; Directing Verdict.*—Where the evidence did not raise any conflict with the positive evidence as to want of any wilful or wanton conduct on the part of the engineer, the defendant was entitled to the affirmative charge on the counts charging willful, or wanton misconduct.

7. *Negligence; Pleading; Replication.*—Where the action is for wrongful death, and the defendant pleads contributory negligence, the plaintiff may by replication allege facts tending to negative the contributory negligence.

8. *Same; Wanton or Wilful.*—Wantonness is the conscious failure of one charged with the duty to exercise due care and diligence to prevent an injury after discovery of peril, or under the circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable result of such failure.

9. *Evidence; Expert; Operation of Railroads.*—An engineer of twenty years' experience in railroading, and another shown to have been a railroad engineer since 1905, are competent to testify as experts in an action against a railroad company for wrongful death caused by being struck by an engine.

10. *Charge of Court; Argumentative.*—Where the action was against a railroad company for the wrongful death of an infant struck by its engine, a charge asserting that a judgment in the action would be a bar to another action in favor of the father and mother for damages for the alleged wrongful death of the deceased minor is merely argumentative and properly refused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Samuel Brown as administrator, against the St. Louis & San Francisco Railroad Company, for damages for the wrongful death of his intestate. Judgment for defendant and plaintiff appeals. Reversed and remanded.

The allegations of the complaint sufficiently appear from the opinion. The third. plea is as follows: "Separately and severally to each count defendant says that plaintiff's said intestate was himself guilty of negligence, which proximately contributed to his said injuries, in this: That after finding himself in a place of danger upon said trestle, and in danger of being run over by said approaching train, he nevertheless negligently ran along said trestle and on said track in the direction of said approaching engine, and negligently continued such course until it became too late for defendant's agents in charge of said engine to avoid the injury." The first replication is as follows: "That the plaintiff's intestate was an infant of immature years, and was under the age of 14 years, and was incapable by reason of immature judgment of being guilty of contributory negligence."

The following is the charge refused to plaintiff: (1) "I charge you that a judgment in this suit will be a bar to any other suit in favor of the father or mother for damages, compensatory or otherwise, for the alleged wrongful death of the deceased minor, Houston Oury, against this defendant." The following charges were given to the defendant: (1) "I charge you, gentlemen of the jury, that evidence as to the distance in which a train may be stopped under perfect or ideal conditions is not conclusive in this case. The question here is whether or not defendant's engineer, after his mind had become conscious of and he realized and understood Houston Oury's danger, negligently or intentionally failed to use the

means at his command to avoid the injury. Unless the engineer was guilty of such dereliction in his duty after becoming conscious of Houston Oury's peril, your verdict must be for the defendant." (10) "The question for your consideration is, not whether the engineer might have observed the plaintiff's intestate sooner (for I charge you that he was under no duty to look out for him), but whether, after catching sight of him and becoming conscious of his position of peril, he negligently failed to to use some means to avoid the injuries which would have suggested themselves to the mind of an ordinarily prudent man under the same circumstances." (A) Affirmative charge against the recovery for willful, wanton, or intentional negligence. (B) Affirmative charge as to count 3.

GASTON & PETTUS, for appellant. No brief reached the Reporter.

CAMPBELL & JOHNSTON, for appellee. The pleas of contributory negligence were sufficiently definite and certain.—*L. & N. v. Pace*, 52 South. 52; *St. L. & S. F. v. Brantley*, 53 South. The court did not err in giving defendant's charge 1.—*G. P. R. R. Co. v. Ross*, 100 Ala. 490; *Glass' case*, 94 Ala. 588. The court properly instructed the jury that they could not find for plaintiff under the wanton counts.—*G. P. R. R. Co. v. Ross, supra; A. G. S. v. Moorer*, 116 Ala. 642; *L. & N. v. Markee*, 103 Ala. 160; *M. J. & K. C. v. Smith*, 146 Ala. 312.

SIMPSON, J.—This action is by the appellant, as administrator of Houston Oury, deceased, for damages for the death of said decedent, under the homicide act. The said intestate was a boy between 13 and 14 years of age,

and was killed by being struck by an engine drawing a train of cars, on a trestle of defendant's.

The first count, as amended, charges that said intestate was on said trestle, "in a place of danger on said track, and said intestate's danger was seen by defendant's servant or agent in charge or control of its engine or train which struck said intestate, as hereinafter set out, in time to have averted said injury, by exercising reasonable ability," and that the death was the proximate consequence of, and caused by "the negligence of, the defendant, its servants or agents, who had charge or control of said locomotive engine, or locomotive engine and car or cars, in the negligent manner in which they ran, operated, or propelled the same." The second count was withdrawn, the fourth count was eliminated by demurrer, and the third count charged willful or wanton conduct.

The first assignment of error insisted on (being the third in number) is the overruling of plaintiff's demurrer to the third special plea, which is a plea of contributory negligence, and the only error suggested is that it does not set out the facts constituted contributory negligence.

While it is true that, under our decisions, such a plea must set out the facts, and not merely the conclusions, of the pleader, yet the rule does not require that the plea shall allege all the facts so specifically as to show that there was some other safer way to avoid the injury. The cases upon this question are generally where the plea merely alleged contributory negligence generally, without stating the facts.

In the case of *Osborne v. Ala. S. & W. Co.*, 135 Ala. 571, 572, 573, 575, 33 South. 687, plea 3 was held good, as it alleged that plaintiff knew of the danger, and of the fact that the waterway was not always covered, and

that steam was arising, which prevented him from seeing whether it was covered, yet negligently attempted to cross it; while plea 4 was held bad, because, in addition to restating facts alleged in the complaint, it merely alleged facts showing that there was a better and safer way of crossing, and that he knew and could have known that it was dangerous to cross as he did, and did not show that he had actual notice of the dangerous condition of the waterway.

In the case of *Creola Lumber Co. v. Mills,* 149 Ala. 474, 482, 42 South. 1019, plea B was held bad, as the only allegation of fact was that the plaintiff attempted to get on a locomotive when it was in motion, as the law does not necessarily attach negligence to that act.

In the present case, however, we do not see how it could be otherwise than negligent to walk towards a rapidly approaching engine, as a general proposition, while of course other facts might be brought out by replication, or otherwise, to show that in this particular instance it was the only way that opened a prospect of escape. These are but facts from which to determine whether the plea is sustained. The plaintiff is fully advised as to the facts upon which the contributory negligence is predicated.

"An averment of negligence, whether stated as a cause of action, or as a defense, is not required to be as specific as the proof essential to support it."—*Pace v. L. & N. R. R. Co.,* 166 Ala. 519, 534, 52 South. 52, 54.

There was no error in overruling the demurrer to the third plea.

The court erred in sustaining the demurrer to the first replication. The immaturity of the plaintiff, his incapacity to be guilty of contributory negligence, constituted a proper reply to the plea of contributory negligence, which the plaintiff had a right to present by special replication.

There was no error in the refusal to give charge 1, requested by the plaintiff. The matter therein referred to is not pertinent to the issues involved in this suit. A party has no right to a charge merely to answer arguments of counsel.—*Birmingham Ry., Light & Power Co. v. King,* 149 Ala. 505, 510, 42 South. 612.

There was no error in giving charge 1, requested by the defendant. To be conscious of and realize the danger of the intestate, is equivalent to being conscious of the peril, or knowledge of the same. After he discovers the peril, he must be conscious of it. Nor is it liable to the criticism that it limits the wrongful act of the engineer to "negligent, or intentional failure to use the means at his command," in that it pretermits wantonness, for two reasons:

First. The charge is not referring to wantonly or willfully running on the intestate, but to the failure to use the means, and, even to constitute wantonness in running the engine, he must intentionally fail to use the means, for if he did not intend to fail to use the means, but intended to use them and failed because the machinery would not work, or for any other reason not originating in his mind, it could not be wanton.

"Wantonness" is defined as " the conscious failure by one charged with a duty, to exercise due care, etc."—*Birmingham Ry. & Elec. Co. v. Pinckard,* 124 Ala. 372, 375, 26 South. 880, 881, and cases cited.

Second. The court had properly charged the jury that the plaintiff could not recover under the willful and wanton count, so that it was immaterial to the plaintiff just what was the exact language of this part of the charge.

The court erred in giving charge 10, requested by the defendant. While the charge is not as clear in its expressions as it should be, and it may be said that negli-

gently failing "to use *some* means" may be taken to mean that it was his duty to use *all* the means, and, if he failed in some one, he was guilty, yet the charge is further faulty in stating that the engineer is required to use the means "which would have suggested themselves to the mind of an ordinarily prudent man under the same circumstances"; his duty being to use all means and appliances "known to prudent and skillful engineers."—*L. & N. R. R. Co. v. Young* 153 Ala. 232, 236, 337, 45 South. 238, 16 L. R. A. (N. S.) 301; *Randle v. Birmingham Ry. Lt. & P. Co.,* 158 Ala. 532, 535, 48 South. 114.

There was no error in overruling the objection to the testimony of the witness York as an expert. His 20 years' experience in railroading was sufficient to justify the court in admitting his testimony.

There was no error in permitting the witness Luster to testify as an expert. Besides the fact that the admission of expert testimony is largely within the discretion of the court, this witness was shown to be a locomotive engineer, and had been such since 1905.

There was no error in giving charges A and B, at the request of the defendant, as there was no evidence tending to show wanton, willful, or intentional conduct on the part of the engineer. The testimony of persons on the train, as to just when they "felt" the brakes applied, did not raise any conflict with the positive evidence on that subject. One of them utters a self-evident truth when he says, "I am not trying to tell the jury within 100 feet or anything like that where the thing occurred."

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.