(105 So. 809)

## COPELAND v. CENTRAL OF GEORGIA RY. CO. (4 Div. 181.)

(Supreme Court of Alabama. Oct. 22, 1925.)

1. Railroads ⚓400(14) — Circumstance intestate was walking on track towards train held not to warrant submission of railroad's liability to jury.

That intestate was on track walking towards train when it started towards him from about 200 yards away *held* not to warrant inference that he was walking on track towards train in plain view of engineer at or immediately before time he was injured, so as to warrant submission to jury of question of railroad's liability for his death.

2. Evidence ⚓14—Judicial knowledge that one standing on track in front of train would probably be injured otherwise than by severance of arm by wheels.

Supreme Court judicially knows that one standing on track in front of approaching train would probably be injured otherwise than by severance of arm by wheels of cars, so that it cannot be inferred from such injury that engine struck him.

3. Railroads ⚓400(14) — Inference engineer saw intestate on track after starting train held not warranted.

Evidence that engineer was looking ahead down track before or at about time train started, and that intestate was then in plain view on track ahead, *held* not to warrant inference, sufficient to take question of railroad's liability for his death to jury, that engineer saw him after train was set in motion.

4. Railroads ⚓391(4) — Engineer held not charged with notice of staggering pedestrian's inability to see and get out of way of train; "drunk."

Evidence *held* not to show that intestate, whom engineer saw on track approaching train some distance away, was helplessly drunk or unable to see and get out of way of train, so as to charge engineer with notice of his inability to take care of himself or avoid obvious danger, or render engineer's failure to keep him in sight wanton negligence, even if he observed that intestate was drunk and staggering; "drunk" being relative term embracing various degrees of intoxication and mental obscuration.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Drunk.]

5. Negligence ⚓11—Wanton injury predicated on actual knowledge of peril and failure to take available preventive action.

Wanton injury must be predicated on actual knowledge of another's peril and failure to take available preventive action, knowing that such failure will probably result in injury.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action for damages by Robert Copeland, as administrator of the estate of Isiah Copeland, deceased, against the Central of Georgia Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Sollie & Sollie, of Ozark, for appellant.

The affirmative charge should never be given where the evidence is open to a reasonable inference of material facts unfavorable to the party requesting the charge. The giving of such charge for defendant was error in this case. 2 Mayfield's Dig. 562; 5 Mayfield's Dig. 159; 7 Mayfield's Dig. 133; Tobler v. Pioneer Min. Co., 166 Ala. 517, 52 So. 86; Carlisle v. A. G. S., 166 Ala. 591, 52 So. 341; L. & N. v. Jenkins, 196 Ala. 136, 72 So. 68; L. & N. v. Abernathy, 196 Ala. 629; Shirley v. Sou. Ry., 198 Ala. 102, 73 So. 430; Sou. Ry. v. Bush, 122 Ala. 470, 26 So. 168.

G. L. Comer & Son, of Eufaula, for appellee.

The court did not err in giving the affirmative charge for defendant. L. & N. v. Black,

---

⚓For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

89 Ala. 313, 8 So. 246; Sou. Ry. v. Stewart, 164 Ala. 171, 51 So. 324; Smith v. C. of G., 165 Ala. 407, 51 So. 792; Sou. Ry. v. Stewart, 179 Ala. 304, 60 So. 927; L. & N. v. Rayburn, 192 Ala. 494, 68 So. 356; Nor. Ala. v. Henson, 210 Ala. 356, 98 So. 18.

SOMERVILLE, J. We agree with the views of counsel for appellant as to the facts that were proven and the inferences that might have been reasonably drawn therefrom by the jury, with a single exception.

[1] Counsel's argument, and indeed their theory of defendant's liability, is based upon the assumption that plaintiff's intestate was walking on the track approaching defendant's train, and therefore in plain view of the engineer, at or immediately before the time he was injured. If the evidence showed, directly or by reasonable inference, that such was the case, we would agree with counsel's insistence that the question of liability was for the jury, and that its withdrawal from the jury by giving the general affirmative charge for defendant was clearly erroneous.

We have sifted the evidence in vain to find a single statement by any witness that the intestate was in fact on the track in front of the engine at or immediately before the time he was injured; nor is there anything in the evidence from which that fact could be inferred, excepting only the circumstance that he was on the track when the train started towards him from about 200 yards away, and that he was walking towards the train.

Plaintiff's witness Slater testified that when he first saw intestate "he was running out from under the train."

[2] The evidence shows without dispute that intestate's left arm was cut off by the wheels of the cars, no other injury appearing; except that one witness stated that there was a hole behind the shoulder.

We judicially know, as every intelligent person must know, that a person standing on the track in front of an approaching train of cars would, when struck, be probably injured in some other way than by the cutting off of an arm by the wheels of the cars. Ordinarily, his legs, or one of them, would be broken or badly bruised, and ordinarily, also, he would be thrown from the track. From the character of his injury it cannot be inferred that the engine struck him.

[3] While the evidence showed that the engineer was looking ahead down the track before, or at about the time, his train was set in motion, and that intestate was then in plain view on the track ahead, thus authorizing the inference that he was then seen by the engineer (So. Ry. Co. v. Bush, 122 Ala. 470, 26 So. 168), yet there is nothing to show that after that time the engineer was looking down the track; and hence there is no support for the inference that he saw intestate at all after the train was set in motion.

All of the cases cited by counsel for appellant predicate liability strictly upon the proposition that the intestate was on the track at or immediately before his injury, and that the engineer was then looking down the track ahead of his engine. Carlisle v. A. G. S. R. R. Co., 166 Ala. 591, 598, 601, 52 So. 341, wherein the cases are reviewed.

The facts that intestate was on the track 150 or 200 yards ahead of the train and was seen walking towards it, do not suffice to show that he so continued up to the time of his injury.

[4] One phase of the argument is that when the engineer did (inferentially) see intestate approaching on the track, he must have observed that he was drunk and staggering, and therefore unconscious of peril from collision with the train in front of him, and that the engineer's failure under such circumstances to keep intestate in sight, and to use due care to avoid injuring him, was in itelf an act of wanton negligence imposing liability upon the defendant, or at least permitted such a finding by the jury.

We think this is a misconception of the law. It does not appear that intestate was in fact too drunk to see and understand that he was approaching a train which would run over him if he remained on the track until he met it. He knew enough to stop and talk to the witness Pitts, and then to get back on the track and start towards the station. That witness stated that:

"When he moved he kind of staggered; he stooped over when he walked. He acted kind of like a man when he gets just about drunk; he staggered, and had his head kind of stooped over."

The witness Berry stated that when he got on the train just before it started he "saw a man coming on up the road staggering along." "Drunk" is a relative term, and embraces various degrees of intoxication and mental obscuration.

[5] It is evident that neither of the witnesses was impressed with the idea that intestate was helplessly drunk, or unable to see an approaching train and get out of its way. The fact that a man is staggering on a highway does not charge every one who sees him with notice that he is unable to take care of his own safety, or to avoid a danger so obvious that the smallest remnant of intelligence could understand and avoid it. We do not think the evidence in this case is sufficient to charge the engineer with such notice. Certainly there can be no implication of wanton or willful injury because the engineer failed to anticipate that a pedestrian whom he had seen on the track before the train started, might not get out of the way before the train ran upon him. Wanton injury must be predicated upon actual knowledge of another's peril, and a failure to take available preventive action,

knowing that such failure will probably result in injury. Here a knowledge of intestate's peril is not shown, and the engineer was under no duty to keep a continued lookout for him in order to safeguard him from possible injury. Under either theory of the case we think the affirmative charge for defendant was properly given.

We think that the only reasonable theory as to intestate's injury is that he got off the track entirely when he saw the train approaching him, and that as it passed him he stumbled, or for some reason fell, with his arm across the rail. But this view of the evidence is not material to our conclusion above stated.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.