142 So. 775

## CURLETTE v. STATE.
### 6 Div. 232.

Court of Appeals of Alabama.
June 14, 1932.

C. J. Griffith and W. M. Westbrook, Jr., both of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The deceased and another were walking along the public road, about 9:30 o'clock at night, and deceased was run against and instantly killed by defendant's automobile while being driven by defendant.

The rulings of the court on the admission of testimony were either free from error, or were of such a nature as not to be of injury to defendant's cause.

Refused charge 7 was argumentative. Refused charge 13 ignores a consideration of the evidence. Refused charge 20 is misleading. Refused charge 22 is abstract. Refused charge 23 was covered by the court in his oral charge.

The court in its oral charge properly defined the law both as to manslaughter in the first and second degrees. After charging as to what constitutes manslaughter in the first degree, the court added: "So in this case, if you become satisfied from the testimony beyond a reasonable doubt that the defendant was operating the automobile which struck the deceased, and that such blow struck by the automobile caused his death, you may apply this legal proposition, if the blow struck by the automobile being driven by the defendant was intentional, or the automobile was being so driven as to evidence a wanton and reckless disregard of human life at the time and place, under the circumstances, the killing would be manslaughter in the first degree. So that, gentlemen, addresses itself to you from the testimony in the case, because you are the sole judgment [sic] of the facts in the case, and the natural and reasonable conclusions which you draw from the evidence in the case." The defendant, as to the charge of manslaughter in the first degree, requested the court to give the general charge. If there is evidence tending to show that the blow struck by the automobile being driven by defendant was intentional, or the automobile was being so driven as to evidence a wanton and reckless disregard of human life at the time and place and under the circumstances, the charge of the court would be the law of the case; if on the contrary there is no such evidence, that part of the charge is abstract and the court should have given the general charge as to manslaughter in the first degree, as requested by defendant.

Bearing in mind that the state must prove these incriminatory facts beyond a reasonable doubt, let us see what the facts are as disclosed by the record: The deceased

was walking along the highway at night, side by side with a companion; both were on the pavement and in the roadway provided for automobiles and other vehicles; the deceased was walking on the side of his companion next to the center of the roadway. Common prudence would have warned him to be on the alert for the approach of automobiles. The defendant came meeting deceased with headlights burning and at a speed of forty miles per hour, which per se is not a reckless or unusual speed.

 The defendant's car at that point was to the left of the center of the road, in violation of the "Rules of the Road" as fixed by statute, Code 1928, § 1397(57), and therefore so driving defendant was guilty of simple negligence. Just before striking deceased, defendant suddenly swerved his car to the right and away from deceased. The deceased was not struck by the front of the car, but his head hit the upright piece between the front and rear doors. There is no evidence from which a jury could draw the conclusion that the automobile was intentionally run against deceased.

That leaves for consideration the question: Was there evidence from which the jury could legally conclude that the car was being so driven as to evidence a wanton and reckless disregard of human life at the time and place of the homicide? The mere fact that defendant was driving on the wrong side of the road, or even that he was driving the car at 9:30 p. m. after having taken three drinks of home brew at about 5 p. m. would be but simple negligence, and does not constitute willful or wanton misconduct, to establish which there must be actual knowledge, or that which in law is the equivalent thereto, of the peril of the person injured, coupled with the conscious failure to act so as to avert the injury. Smith v. Central of Ga. Ry., 165 Ala. 407, 51 So. 792. The rule as laid down by our Supreme Court is that the act done must be done with the consciousness that injury will probably result, in order to constitute wanton negligence, and such knowledge cannot be implied from knowledge of the dangerous situation, but there must be a design to do a wrong or reckless indifference or disregard of the natural consequences of the act done. Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219; Brown v. St. L. & S. F. R. Co., 171 Ala. 310, 55 So. 107. Again it is said: "Wanton injury must be predicated upon actual knowledge of another's peril, and a failure to take available preventive action, knowing that such failure will probably result in injury." Copeland v. C. of G. Ry. Co., 213 Ala. 620, 105 So. 809, 810.

 The foregoing states the rule of wantonness as applied to civil actions where the degree of proof is a preponderance of the evidence, while in a criminal case the proof of the acts constituting wantonness must be beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis than that of defendant's guilt.

 Measured by the foregoing rule we hold that there was an entire absence of such evidence as would authorize a jury to conclude that this defendant was guilty of intentionally running his automobile against deceased or that he was guilty of such wantonness as to be equivalent thereto.

We may here add that there was ample evidence tending to convict the defendant of manslaughter in the second degree, but not of manslaughter in the first degree.

It follows that defendant's charge No. 4 should have been given and defendant's charge 3.was properly refused.

 The solicitor should not have commented upon the failure of the defendant to give evidence, but in this case the court protected the defendant by sustaining defendant's objection and instructing the jury not to consider what the solicitor had said.

We do not think defendant's cause was injured by the remark.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.