171 So. 393

## PRATT v. STATE.
### 6 Div. 84.

Court of Appeals of Alabama.
Dec. 15, 1936.

being so driven as to evidence a wanton and reckless disregard of human life at the time and place and under the circumstances,' this would be voluntary manslaughter." Barnett v. State, ante, p. 277, 171 So. 293; Curlette v. State, 25 Ala. App. 179, 142 So. 775.

Without entering into a detailed discussion of the testimony in the instant case, we simply find that there was sufficient evidence to justify the jury in rendering a verdict of manslaughter in the first or second degree, and therefore the requested written charges instructing the jury to find the defendant not guilty under these charges were properly refused.

Of course, the facts necessary to prove such recklessness in the driving of an automobile, so as to supply the necessary intent, without which there can be no manslaughter in the first degree, must be proven by the evidence beyond a reasonable doubt, and as to this the jury was fully instructed by the court in his oral charge and many charges given in writing at the request of the defendant. Curlette v. State, 25 Ala.App. 179, 142 So. 775; Barnett v. State, supra.

J. B. Powell, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

### SAMFORD, Judge.

The evidence for the State tends to prove that, while the defendant was driving a large, seven-passenger automobile along the public highway in Walker county, he ran said automobile against Gordon Nix, and as a result thereof the said Gordon Nix died. According to the State's evidence, the place of the accident was in front of a schoolhouse and a church, and in a thickly populated community, and that at the time there were a number of persons walking along the road, going in the same direction of the defendant's car, of which fact the defendant had knowledge.

Manslaughter in the first degree, as defined at common law and under statutes declaratory thereof, consists in the unlawful killing of a human being without malice either expressed or implied. This court has said, where persons are killed by automobiles, " 'if there is evidence tending to show that the blow struck by the automobile being driven by defendant was intentional, or the automobile was

As to those charges requested in writing by the defendant relating solely to the charge of murder, we do not consider, for the reason that the verdict of the jury has acquitted the defendant of murder in either of the degrees.

Refused charge 21 is argumentative, and it is also invasive of the province of the jury, and, for both of these reasons, it was properly refused.

Charges 27 and 29 are covered by the court in his oral charge and in the given charges requested in writing by the defendant.

Charge 33 was properly refused; the plea of contributory negligence is not available as a defense in a criminal case. Schultz v. Nebraska, 89 Neb. 34, 130 N.W. 972, 33 L.R.A.(N.S.) 403, Ann.Cas.1912C, 495; Broxton v. State, ante, p. 298, 171 So. 390.

Refused charges 34 and 35 are arguments. Refused charge 36 is bad; presumptions of this character are presumptions of fact and not of law. Refused charge 37 is an argument, and for that reason was properly refused. Refused

charges 38 and 53 were covered by the court in his oral charge.

There were quite a number of questions asked by the solicitor in identifying the door handle of the defendant's automobile, which was broken off at the time that young Nix was killed, to all of which objections and exceptions were reserved. We have read and carefully considered these objections and in none of them do we find reversible error. The defendant, when he struck Nix, knocking him down and killing him, did not stop, but continued on his way; and none of the witnesses who saw the accident could identify the defendant other than to say that he was in a large car filled with passengers and that he left the scene of the accident without stopping, leaving this handle to his car at the place of the accident, and it was by and through this handle that defendant's car was afterwards located and identified. Moreover, after this testimony was admitted, there was testimony going to show that the defendant was the driver of the car which struck Nix and killed him. In the taking of this testimony, we find no reversible error.

When the defendant was being examined as a witness, he was questioned touching a written statement prepared by the solicitor and signed by the defendant in the office of the sheriff of Walker county. Proper predicate was laid for the introduction of this statement in evidence, but, for some reason, the statement was never offered and does not appear in the bill of exceptions. For that reason, we cannot pass upon the various objections made to its introduction.

The court, in a very full, able, and correct manner, instructed the jury as to the law of the case in all of its phases, covering every degree of homicide included in the indictment and giving to the defendant the benefit of every rule requiring proof beyond a reasonable doubt of the material ingredients of the offense. The verdict was responsive to the charge of the court and sustained by sufficient evidence on the part of the State.

The defendant has had a fair trial according to the rules of law, and, finding no prejudicial error in the record, the judgment is affirmed.

Affirmed.