# Reynolds *v.* The State.

## *Murder.*

(Decided Feb. 13, 1908. · 45 South. 894.)

1. *Homicide; Manslaughter; Elements.*—An intent to kill or to do an act of violence from which ordinarily death or great bodily harm will result, is manslaughter in the first degree.

2. *Criminal Law; Capacity to Commit Crime; Infants; Presumption.*—The law presumes that a person under fourteen years of age is not possessed of the requisite guilty knowledge of the wrongfulness of an act so as to authorize the conviction of such person of a felony, and such presumption must be rebutted by clear proof of a mischievous discretion or a knowledge of the difference between good and evil.

3. *Same; Trial; Question for Jury.*—Whether or not a person under fourteen years of age possesses the requisite guilty knowledge to authorize a conviction for felony, was, under the facts in this case, a question for the jury.

4. *Same; Instructions; Abstract.*—Where the tendencies of the evidence showed that the killing was the result of an injury intentionally inflicted, and there was an absence of evidence that the killing was the result of an accident, a charge as to accidental killing was abstract and properly refused.

[Reynolds v. The State.]

5. *Same; Instructions, *ntent.*—A charge asserting that the defendant could not be convicted of murder, or manslaughter in the first degree, unless he intended to kill decedent, is improper for failing to hypothesize the want of intent to do an act of violence from which ordinarily death or great bodily harm would result.

6. *Same. Retreat.*—Under the evidence in this case it cannot be asserted as a matter of law that the doctrine of retreat is inapplicable.

7. *Same; Directing Verdict.*—Where there is a conflict in evidence on material matters the affirmative charge is not properly given.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Alonzo Reynolds was convicted of an unlawful homicide, and he appeals. Reversed and remanded.

Defendant was indicted for murder in the second degree for the killing of Henry Boswell. The testimony of the killing, as detailed by the wife of the deceased man, was that the deceased and the defendant had been to Troy that day in a wagon, and when they returned Henry Boswell came to the house, leaving the others to put up the mule. She asked Boswell if he wanted any supper, and he told her that he did not, and she put his supper in the stove, and he put four bottles of whisky on the shelf in the kitchen; that the others soon came to the house and began eating supper, and the defendant began to tell witness about some trouble between defendant and deceased on the way home, Boswell sitting at the time near the door in a chair; and that Henry began to curse and abuse the defendant, and the defendant said that when a man cursed him he would like to know what he was cursing him about. Defendant then got up and went out of the door by Boswell, who continued to curse him. Henry ordered him to leave, and after a while went out to where defendant was standing near a tree, and the next witness heard was a lick, and then she saw the defendant pass the second lick to Boswell. Boswell then went back and sat down, saying he believed the boy had cut him; that witness called several of the

boys, and they put Boswell on the bed and undressed him; and he died in about 30 minutes, and when they undressed the deceased they found his knife open in his coat pocket. The other evidence sufficiently appears in the opinion of the court.

The following charges were requested by defendant and refused: "(3) Defendant cannot be convicted of murder or manslaughter in the first degree unless the defendant had the intention to kill Henry Boswell, or intended to do an act of violence from which ordinarily in the usual course of events death or great bodily harm may be a consequence, and that he was of sufficient intelligence to know and understand the consequences of his act. (4) If the killing of Henry Boswell was an accident, and not the natural and reasonable result of the conduct of the defendant, and not intentionally done, and defendant was in a reasonable manner repelling an attack made on him, and was only using such force as seemed reasonably necessary to repel the attack, defendant should be found not guilty. (5) The defendant cannot be convicted of murder or manslaughter in the first degree unless the jury believe beyond a reasonable doubt that defendant intended to kill Henry Boswell at the time charged. (6) The doctrine of retreat has no application in this case." (7) The general affirmative charge.

FOSTER, SAMFORD & CARROLL, for appellant. To constitute manslaughter in the first degree there must be either a positive intention to kill or an act of violence from which ordinarily in the usual course of events, death or great bodily harm may result.—1 Mayf. 368. Measured by this rule, charge 3 should have been given. Charge 6 should have been given.—*Crawford v. The State,* 112 Ala. 1; *Brinkley v. The State,* 89 Ala. 34; *Jones v. The State,* 76 Ala. 8. It is not shown by the evidence that the defendant was of sufficient mental ca-

pacity to commit the crime of manslaughter in the first degree, and hence charge 7 should have been given.— *Martin v. The State,* 90 Ala. 608; *McCormack v. The State,* 102 Ala. 162; *Anglow v. The People,* 96 Ill. 109; *State v. Ticc,* 90 Mo. 112. On these authorities the affirmative charge should have been given.

ALEXANDER M. GARBER, Attorney General, for the State. The charges do not hypothesize the elements of self-defense, nor correctly state the law concerning the liability for an accidental killing.—*Fitzgerald v. The State,* 112 Ala. 34.

HARALSON, J.—To constitute manslaughter in the first degree, there must be either a positive intention to kill, or an act of violence from which, ordinarily in the usual course of events, death or great bodily harm may result. It is not necessary that the perpetrator intended or willed the death of the party.—*Harrington v. State,* 83 Ala. 13, 3 South. 425; *White v. State,* 84 Ala. 421, 4 South. 598; *Lewis v. State,* 96 Ala. 10, 11 South. 259, 38 mA. St. Rep. 75.

Charge 3, asked by the defendant and refused, should have been given. The defendant was under 14 years of age. The presumption is, that he had not the requisite guilty knowledge of the wrongfulness or wickedness of the act charged, to authorize a conviction of felony, unless rebutted by clear evidence of a mischievous discretion, or by proof of knowledge of good and evil, which knowledge must be made distinctly to appear from the evidence.—*Martin v. State,* 90 Ala. 608, 8 South. 858, 24 Am. St. Rep. 844; 4 A. & E. Ency. Law (1st Ed.), 684.

Aside from the evidence of the transaction of the killing, there was no evidence as to the capacity of the defendant to commit a felony, except that detailed by Duck

2 R

Boswell, the wife of the deceased, examined by the state, who testified: "I had been employed by Mr. Reddoch, with the knowledge and consent of deceased, to cook for and feed Alonzo (the defendant), and Alonzo was there for the purpose of eating supper. He frequently spent the night there with my boy, Wash Hancock. Alonzo was at that time 13 years old, and was 14, the following October. He is small for his age, and is not very bright, and Henry Boswell was a man about 40 or 45 years old, and weighed 165 or 175 pounds; that he was drinking at the time, and under the influence of whisky. He was a very bad, rowdy and dangerous man when drinking."

The evidence further shows, that Henry cursed and abused Alonzo, before and at the time of the killing, and put him under great provocation.

Under all the evidence, whether defendant had the requisite guilty knowledge of the wrongfulness or wickedness of the act charged against him, and whether or not the presumption, at his age, that he did not have such capacity, was rebutted by clear evidence of a wicked discretion; or, whether the proof showed a knowledge on his part of good and evil, which was made distinctly to appear from the evidence, were questions proper, under all the evidence, for the determination of the jury, and not for the court to decide.

Charge 4 was properly refused. There is no evidence, that the killing was the result of an accident; but it shows, that it was the result of an injury intentionally inflicted by defendant on deceased.

Charge 5, if proper so far as it goes, fails to hypothesize an act of violence, on the part of defendant, from which ordinarily, in the usual course of events, death or great bodily harm might result.

Under the evidence, it cannot be asserted as matter of law, that the doctrine of retreat is not applicable to this

case; hence no error is involved in the refusal of charge 6.

The seventh, which was the affirmative charge for the defendant, was improper, under the evidence in the case.

Reversed and remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.