# Stephens *v.* The State.

*Larceny.*

(Decided June 1, 1911: Rehearing denied June 15, 1911.
55 South. 940.)

1. *Evidence; Opinion; Identity.*—A witness speaking from per-
sonal knowledge and observation may give his opinion, on an issue
of identity, though not able to positively identify the object.

2. *Same.*—Where a witness gives an opinion as to the identity of
an object he is subject to cross examination as to the extent of his
knowledge and observation, that the jury may be advised of the facts
upon which the opinion is based.

3. *Same; Identity.*—Though there was no special marks by which
a witness could identify an automobile tire alleged to have been stol-
en, it was competent for him to state whether he was sure that the
tire exhibited to him was the one he lost.

4. *Same; Circumstantial Evidence.*—Circumstantial evidence is
sufficient, if so found by the jury to sustain a conviction of a
crime.

5. *Charge of Court; Weight of Evidence.*—Instructions on the
weight or sufficiency of the evidence are improper.

6. *Larceny; Evidence; Possession of Property.*—While the unex-
plained possession of goods recently stolen does not raise the pre-
sumption of guilt, as a matter of law, yet where the evidence estab-
lishes a larceny beyond reasonable doubt, such possession is a fact
from which the jury may conclude that the defendant is guilty.

[Stephens v. The State.]

7. *Same; Evidence.*—The evidence in this case stated and held sufficient to require the question of the defendant's guilt to be submitted to the jury.

8. *Same; Grand or Petit; Value.*—Where the charge was stealing an automobile tire it was not error to decline to permit the defendant to show that the real value of the tire was less than the market value, because the market value was fixed by a monopoly, or contract in restraint of trade, in order to reduce the larceny from grand to petit.

9. *Same.*—As used with reference to the value of the property stolen the word, "value" signifies the sum for which like goods are at the time commonly bought and sold in the market.

10. *Jury; Competency; Challenge.*—It is not error to permit the state to challenge for cause a juror who will not convict on circumstantial evidence.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Council Stephens was convicted of grand larceny, and he appeals. Affirmed.

The charge was the felonious taking and carrying away of one automobile tire, the property of Sam W. Fowlkes, of the value of $37.60. Testifying for the prosecution, Fowlkes stated that in July, 1910, he left his automobile in front of his store at the corner of Fourth avenue and Nineteenth street, in the city of Birmingham, and did not notice the same any more for several hours, but that, when he did notice it, a rubber tire, which had been left in his automobile, was gone; that the same was what is known as a 34x3½ Diamond tire, which he had bought from Loveman, Joseph & Loeb, paying $36.50 therefor, and that the tire had not been used; that witness did not know who took the tire, nor when same was taken, except that the same was missing, and that from two to five days afterwards he saw a tire similar to the one he had lost in the hands of the police, and that the tire he had lost and the one he saw in the hands of the police had a number manufactured into it when it was made, but that he did not know the number of the tire he had lost, or the number

[Stephens v. The State.]

of the one the police had, but there was a metal No. 10 attached to said tire lost and recovered, but that witness did not know what said number indicated, and did not know whether same was on all tires or not, nor did he know by whom said number was put on, nor what it signified. The state then asked the witness: "Are you sure that it was the same tire you lost?" And over the objection of the defendant the witness was permitted to answer that he was sure it was the same tire. On the objection of the state, the court refused to permit the witness to be asked the following questions :"What was the actual reasonable value of said tire? Are not many things sold for more than they are worth?" The defendant then offered to prove that the actual value of the tire in question was less than the price fixed on the same in the market. Policeman Nations testified that he was a policeman of Birmingham, and during July, 1910, he arrested one Charlie Jones in connection with an alleged theft of an automobile tire, and that Jones took witness to the place where the tire that was afterwards shown witness was found; that Jones had been tried in the recorder's court, and discharged. There was also testimony tending to show that Charley Jones and the defendant were of about the same age, size, and color. Miss Eva Kabas testified that she knew the defendant, and that about two or three months before, in company with a boy named Charlie Jones, he came to her store in an automobile one afternoon, and left an automobile tire behind the counter, but that she could not identify the tire, as she did not look at it. The defendant sought to show by this witness the general character of Charlie Jones, but was denied. Charge 2 is as follows: "I charge you that you cannot convict the defendant on circumstances merely, but you must be satisfied from the evidence that the tire found was in fact the tire alleged to have been stolen."

ALLEN & BELL, for appellant. A witness should not be allowed to give his opinion as to whether or not he is sure of the identification of the property stolen.— *Boland v. L. & N.*, 106 Ala. 641; *Gregory v. Walker*, 38 Ala. 26; *White v. The State*, 136 Ala. 58; *Richardson v. Stringfellow*, 100 Ala. 416; *National S. Co. v. Mabry*, 35 So. 698; 110 Ind. 358; 1 Am. St. Rep. 189; 17 Cyc. 25. It is the province of the jury to draw deductions from facts, and a witness may not give his mere opinion.—*Walker v. Walker*, 34 Ala. 373; 33 Vt. 124; 6 Gray 355; 11 Minn. 163. Even on cross-examination it is not proper to ask a witness a question which calls for his mere opinion.—5 Enc. of Evid. 655; 20 Am. St. Rep. 514. Where value is of material inquiry affecting the degree of the crime, it is competent to show what is the actual reasonable market value as contradistinguished from a ficticious market value superinduced by monopolies, trusts, or contracts in restraint of trade.—119 Mass. 126; 8 Words & Phrases, 92-9.

ROBERT C. BRICKELL, Attorney General, and THOMAS H. SEAY, Assistant Attorney General, for the State. The witness was properly permitted to state his belief that the tire exhibited to him was the tire stolen from him.—*Newell v. The State*, 115 Ala. 54; *Walker v. The State*, 58 Ala. 393; *Fowler v. The State*, 100 Ala. 96. Counsel also refers to the case of *Mitchell v. The State*, without giving book or page, and the cases of *Smith v. The State*, 133 Ala. 145; *State v. Kent*, 65 N. C. 311; 148 Ind. 522, in support of the above proposition. It was not competent to show the value of the thing stolen other than its reasonable market value, in order to reduce the grade of the crime.—25 Cyc. 114. The court properly refused charge 2.—*Mitchell v. The State*, 114 Ala. 1. There was evidence sufficient to require the

[Stephens v. The State.]

question of the defendant's guilt submitted to the jury, and hence, charge 1 was properly refused.

DE GRAFFENRIED, J.—1. Whenever the identity of a thing is in issue, a witness who speaks from personal knowledge and observation may testify to· his opinion on the subject. A party may be able to positively identify a thing, and at the same time not be able to state all the facts on which his opinion is based. When not able to positively identify the object, he may, nevertheless, state, if he is· acquainted with the object, his best opinion, in the absence of proof, by cross-examination or otherwise, that he is ignorant of the matter about which he testifies or speaks merely at random.— *Turner v. McFee,* 61 Ala. 468.

The more intimate the acquaintance of the witness with the object and the more positive his opinion as to its identity, the more valuable his testimony, provided the witness is credible and his evidence is unbiased. "On the question of the identity of persons or things, a witness may be allowed to speak as to his opinion or belief. He may be certain and free from doubt, or he may not be fully assured as to the correctness of his conclusions. He may state the result of his examination of the object sought to be identified, and it is proper for him to so express himself as to inform the jury whether his statement is made confidently or doubtingly. The testimony is not to be excluded because the witness does not speak with positive assurance."— *Mitchell v. State,* 94 Ala. 68, 10 South. 518.

When a witness has testified to the identity of a thing the identity of which must be established by the evidence, the party against whom such evidence is offered may cross-examine the witness as to the extent of his knowledge or observation of the thing for the purpose

of placing before the jury the facts upon which the opinion of such witness is based, so that the jury may, for themselves, determine the weight to be given such opinion. He may also, on such cross-examination, examine the witness as to any matter tending to show bias of the witness, interest in the cause, or ill will towards the party against whom the testimony is offered, for the purpose of casting doubt upon the truthfulness of the witness or the impartiality of such opinion.

The solicitor on the trial of this cause in the court below therefore committed no impropriety in asking the witness Fowlkes, on direct examination, the question: "Are you sure it was the same tire that you lost?" And the court properly permitted the witness to answer the question affirmatively.

2. The evidence, if believed, established in this case the corpus delicti. The only question for the jury, if they believed the evidence, was whether they believed from the evidence beyond a reasonable doubt that the defendant was connected with the larceny of the tire. There was some evidence in the case from which the jury had the right to draw the inference that the tire alleged to have been stolen was in the possession of the defendant shortly after it was stolen and that he was trying to sell it.

The unexplained possession by a person of goods recently stolen does not as matter of law in this state raise a presumption of guilt, but, where the evidence beyond a reasonable doubt establishes the fact of the larceny, the unexplained recent possession by the defendant of the stolen goods is a fact from which the jury may legally draw the conclusion that the person in whose possession they are found is the thief. Proof of a charge in criminal cases involves the proof of two distinct propositions, proof of the corpus delicti and of

the identity of the prisoner.—*Smith v. State*, 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21.

As the evidence in this case, if believed, established the corpus delicti, and there was some evidence tending to show that the defendant was in the unexplained possession of the tire shortly after it was stolen, there was some evidence in the case upon which the jury had the right to base a verdict of guilty. In cases triable by jury questions of law are for the court; questions of fact for the jury.

The jury must take the law from the court. They take the facts from the witnesses, and it is not for the courts, in this state, to give instructions as to the weight or the sufficiency of the evidence. Whether there is any evidence is for the court; how much, if there is any evidence, is for the jury.—6 Mayfield's Dig. p. 340, § 103.

The court did not err in refusing to give the general charge requested by the defendant.

3. A jury may, upon circumstantial evidence alone, convict of crime.

It is, as stated in one of the briefs in this case, the law of the state that a juror is incompetent who will not convict upon circumstantial evidence.—*Mitchell v. State*, 114 Ala. 1, 22 South. 71. It follows, therefore, that the court committed no error in refusing to give charge No. 2 requested by the defendant. In Alabama a jury can convict a defendant on circumstances merely, and, as this charge asserts the converse of that proposition, it is bad, although the other proposition stated in the charge embodies a correct legal principle applied to the facts of the case.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.

## Application for Rehearing.

The appellant insists that the court below committed error in refusing to allow him to show that the value of the stolen tire was less than its market value because the market value was a value fixed by a monopoly, a trust, or a contract in restraint of trade. The appellant does not undertake to say that the tire in evidence could be bought in the market for less than $35, but he proposed to prove that its market value was fixed at $35 by a trust controlling the product at a much higher value than its reasonable value and that, but for the trust, it could be bought, in the market, for less than $25. The tire in evidence, as we understand appellant, sells at retail at $35 in every market of the United States, and can be bought in no market in the United States at a less figure than $35, and this is due to the fact that a monopoly controls the manufacture and sale of the article. But for this monopoly in its manufacture and sale the tire could be sold, and would be sold, at less than $25 in the market. This evidence would be of value, we presume, to the government of the United States upon a bill to dissolve the trust of which appellant complains, but could serve no legal purpose on the defendant's trial. The true meaning of a word is to be determined by the context, and this is peculiarly true of the word "value."

When applied, without qualification, to property, the word "value" means the price which it will command in the market.—*Fox v. Phelps,* 17 Wend. (N. Y.) 393. "The word 'value,' as used with reference to the value of property stolen by one on trial for the offense, signifies the sum for which the like goods are at the time commonly bought and sold in the market."—8 Words and Phrases, 7276. Under this rule, the proper standard

[Stephens v. The State.]

of value of a saddle in a prosecution for the larceny of
the saddle is the market value of the article, if it has
any market value, and, if it has none, then the amount
it will cost to replace it will be the standard of its
worth.—*Martinez v. State,* 16 Tex. App. 122, 128; 8
Words and Phrases, 7276.  The statute prescribing the
offense of grand larceny, in so far as the value is con-
cerned, has reference to the market value of the prop-
erty stolen, if it has a market value.—*Vandegrift v.
State,* 151 Ala. 105, 43 South. 852.

The excerpt copied in Words and Phrases from *Law-
rence v. City of Boston,* 119 Mass. 126, was not taken
from the opinion of the Supreme Judicial Court of Mas-
sachusetts, but is a portion of the charge of the judge
of the trial court to the jury which tried the case.  This
portion of the charge of the judge of the trial court was
not excepted to, but was, as applicable to the facts of
that case, a correct statement of the law.  In that case
Lawrence was undertaking to collect from the city of
Boston more than the market value of a lease which
he held on a building which stood on land which was
taken by the city to widen a street.  During the pro-
gress of the trial Lawrence requested the court to
charge the jury that, "in determining the value of the
lease, the jury are to consider, among other things, the
amounts which persons desiring to take the lease would
be willing to pay for the same, not excluding from such
consideration the amounts which the petitioners them-
selves would give."  The judge stated that he had no
objection to giving this instruction, with this modifica-
tion:  "If the petitioners are in the market for the
lease, but if they, rather than be turned out, would give
more than anybody else, that is not the market value
of the lease."  The counsel contended that the charge
as asked should have been given and excepted to the

court's refusal to do so. The Supreme Court upheld the action of the trial court. In other words, the court held that the plaintiffs were entitled to recover of the city of Boston the market value of their lease and not some fictitious value fixed or attempted to be fixed by the plaintiffs. In the present case the appellant undertook to do what the plaintiffs in the above case of *Lawrence v. Boston* undertook to do, viz., to prove a value other than the market value. In this case, as in the Massachusetts case, the court declined to allow such proof, and in each instance the court was correct in its ruling.

For the above reasons, the application for rehearing is overruled.

Application overruled.