# Roden *v.* The State.

### *Violating Prohibition Law.*

(Decided Feb. 8, 1912. 58 South. 73.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where a witness was subesquently permitted to testify fully as to the matters inquired about in a question to which objection had been previously sustained, any error committed was cured.

2. *Same.*—The answer of a witness, "I don't remember," renders harmless the exclusion of the question or answer.

3. *Witnesses; Cross Examination; Interest.*—For the purpose of showing his interest in the acquittal of the defendant and the release of the liquor, a witness for the defendant may be asked whether or not he claimed an interest in the liquor found in the defendant's possession.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Pick Roden was convicted of violating the prohibition law and he appeals. Affirmed.

JOHN A. LUSK & SON, for appellant. The court erred in permitting it to be shown that the witness for the defendant claimed an interest in the liquor found in the defendant's possession.—*Crawford v. The State,* 112 Ala. 1; *Martin v. The State,* 104 Ala. 72; *Stoudenmire v. Williamson,* 29 Ala. 558. The court erred in refusing to permit the defendant the questions asked on cross examination of the state's witness.—*Wells v. State,* 131 Ala. 48; 46 Am. Rep. 128.

[Roden v. The State.]

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. The
credibility of a witness cannot be impeached by show-
ing particular acts.—*Smith v. The State,* 161 Ala. 94;
*Rhea v. State,* 100 Ala. 119; *Holland v. Barnes,* 53
Ala. 83.

WALKER, P. J.—The defendant could not have
been prejudiced by the action of the court in sustain-
ing the objections made by the solicitor to questions
asked the witness Bearden on his cross-examination
as to his relations with a woman who was referred to,
as subsequently the witness was permitted to testify
fully as to the matter called for by those questions.

It is not perceived how either of the questions asked
the same witness on his cross-examination, "When did
that woman go away from down there?" and "How
long did she stay after that?" could be regarded as
calling for anything that had any relevancy to the
issues in the case. But in each instance the question
and the answer to it were excluded after the answer
had been made. As in each instance the answer was,
"I don't remember," it is apparent that the rulings
as to these questions and the answers to them could
not have resulted in depriving the defendant of any
evidence that could have been of benefit to him.

On the cross-examination of a witness for the defend-
ant, the solicitor, against the defendant's objection,
was permitted to ask him, in effect, if he claimed an
interest in certain whiskey and beer referred to as
having been found in the possession of the defendant.
It was not improper to permit the prosecution in this
way to seek to show that the witness had an interest
in the defendant's acquittal, or in the release of liquor
the possession of which figured in the prosecution.

[Carson v. The State.]

The defendant was sentenced for the costs at the rate of 40 cents a day, instead of at the rate of 75 cents a day, as required by law. In this respect the judgment will be corrected here.

Corrected and affirmed.