# Key *v*. The State.

## *Burglary.*

(Decided April 9, 1912. Rehearing denied May 4, 1912.
58 South. 946.)

1. *Infants; Capacity to Commit Crime; Presumption.*—It is a presumption of law that an infant over seven and under fourteen years of age has not mental capacity to commit a felony, and this presumption is rebuttable only by clear evidence of a mischievous disposition or of knowledge of good and evil.

2. *Same; Question for the Jury.*—Ordinarily, it is a question for the jury under the facts in each case whether an infant over seven and under fourteen years of age possesses the mental capacity to commit a crime.

3. *Trial; Argument of Counsel.*—Unless it clearly appears from the record that no injury resulted therefrom an illegal argument made and allowed to remain with the jury after objection and motion to exclude will result in a reversal.

4. *Same; Reception of Evidence; Objection.*—A general objection to a question is not sufficient to preserve error for review where the question and the evidence called for by it was not irrelevant or illegal on its face.

5. *Burglary; Evidence.*—Where there was evidence that the perpetrator of the burglary stole two hog hides, and that the defendant sold two hog hides shortly after the burglary, evidence that the person whose house was burglarized was the only person in the community who skinned hogs and sold their hides, was relevant.

6. *Same; Evidence; Corpus Delicti.*—Evidence that two hides were stolen and that the defendant had the two stolen hides in his possession shortly after the burglary, if believed, was sufficient to establish the corpus delicti; the rule being that while the unexplained possession of recently stolen goods does not, as a matter of law, raise a presumption of guilt, yet if the evidence beyond a reasonable doubt establishes a larceny accompanied by a burglary, the unexplained recent possession of the stolen goods is a fact from which the jury may conclude that the person in whose possession they were found committed the burglary.

7. *Charge of Court; Sufficiency of Evidence.*—An instruction not to convict if the circumstances could be reconciled with the theory based on the evidence that some other person may have done the act, was properly refused for failure to hypothesize reasonably reconciled.

8. *Same.*—Charges asserting that if there is a reasonable construction which can be given to facts proven, one favorable and the other unfavorable to the party charged with crime, the jury should give that which is favorable to the accused rather than that which is unfavorable, are properly refused as argumentative.

9. *Same; Circumstantial Evidence.*—A charge that circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence, and the jury should be so convinced by it that each would be willing to act on the decision in matters of highest concern to themselves, was argumentative and properly refused.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Nat Key was convicted of burglary, and he appeals. Affirmed.

The solicitor in his argument stated that no one denied that defendant had the hides and sold them to a white man in two or three weeks after the place was burglarized. The following charges were refused to the defendant: A. "It is the humane provision of the law that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every other hypothesis but that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory, based on the evidence, that some other person may have done the act, then the guilt of the accused is not shown by the full measure of the proof that the law requires." G. "No matter how strong the circumstances relied on to establish the guilt of the defendant may be, if they can be reconciled with the theory, based on the evidence, that some one other than defendant committed the crime, they should not convict the defendant." E. "The court charges the jury that it is a well-settled rule of law that, if there is a reasonable construction which can be given to facts proven, one favorable and the other unfavorable to the party charged with crime, it is the duty of the jury to give that which is favorable to the accused, rather than that which is unfavorable." H. "Circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence, and the jury should be so convinced by it that each

would be willing .to act on the decision in matters of highest concern to themselves."

PAUL HODGE, for appellant. Where there is a total lack of evidence bearing on the question, the presumption that an infant over seven and · under fourteen years of age is without mental capacity to commit crime, must prevail.—*Reynolds v. The State,* 154 Ala. 14; *Hampton v. State,* 167 Ala. 73. His age is not the subject of non-expert testimony, and of course, the jury cannot infer from his appearance that he had a mischievous disposition, and knew good from evil.— *Martin v. The State,* 90 Ala. 602. The corpus delicti was not shown.—Authorities supra. Councel discuss charges requested, but without citation of authority.

R. C. BRICKELL, Attorney. General, and W. L. MARTIN, Assistant Attorney General, for the State. A general objection where the question and answer is not illegal on their face, does not present anything for review.—*Washington v. The State,* 106 Ala. 58; *Thomas v. The State,* 139 Ala. 80. The court did not err in its rulings on the capacity of the defendant to commit crime.—*Godfrey v. The State,* 31 Ala. 323; *Martin v. The State,* 90 Ala. 602; *McCormack v. The State,* 102 Ala. 163; *Reynolds v. The State,* 154 Ala. 17. Charge A was properly refused.—*Little v. The State,* 89 Ala. 99; *Garrett v. The State,* 18 Ala. 27; *Bones v. The State,* 117 Ala. 138. Charges D and J were erroneous.—*Bryant v. The State,* 116 Ala. 445. Charge E was erroneous. —*Mitchell v. The State,* 94 Ala. 68; *Tolliver v. The State,* 94 Ala. 11. Charge F was erroneous.—*Godfrey v. State, supra; Reynolds v. State, supra.* Charge H was argumentative.—*Rodgers v. The State,* 117 Ala. 9.

DE GRAFFENRIED, J.—The defendant was indicted for burglary. As burglary is a felony, and as sections

[Key v. The State.]

6450, 6456, 6463, and 6465 of the Code, as amended by the act entitled an act to amend the above sections of the Code, approved August 25, 1909 (Gen. & Local Acts of Ala. Special Sesion 1909, p. 117), apply only to children under 14 years of age who are charged with misdemeanors, not felonies, the defendant can claim no exemption by virtue of any of the statutes of Alabama covering the subject of juvenile delinquents from a conviction under the indictment in this case.

1. The presumption of the law is that an infant over seven and under fourteen years of age does not possess sufficient mental capacity to commit a felony, but this inference is rebuttable.

The question as to whether an infant over seven and under fourteen years of age does or does not possess sufficient mental capacity to commit a felony is ordinarily a question for the jury under the facts of each particular case. When the evidence discloses that a defendant in a felony case is over seven and under fourteen years of age, the presumption that he does not possess sufficient mental capacity to commit the crime goes to the jury subject to rebuttal by facts and circumstances or other evidence tending to show sufficient mental capacity on the part of the defendant to commit the crime. The presumption of mental incapacity becomes less strong with the increase of years, but until the age of fourteen is reached "the presumption is that he has not the requisite guilty knowledge of the wrongfulness or wickedness of the act charged to authorize a conviction of felony, unless rebutted by clear evidence of a mischievous disposition, or by proof of knowledge of good and evil, which knowledge must be made distinctly to appear from the evidence."—*Reynolds v. State,* 154 Ala. 14, 45 South. 894. The circumstances connected with the offense charged may be so proved as to satisfy the jury beyond

a reasonable doubt that a defendant over seven and under fourteen years of age was at the time of the commission of the offense mentally capable of entertaining a criminal intent, doli capax.—16 Am. & Eng. Ency. of Law (2d Ed.) 315. Under the evidence in this case, the question as to whether the defendant, who, according to the tendencies of the evidence, was about 13 years old when the crime was committed, possessed the requisite guilty knowledge of the wrongfulness of the act charged to authorize a conviction of the crime, was a question for the jury.—*Reynolds v. The State, supra.*

2. It is, of course, the duty of an advocate, in addressing a jury, to confine his remarks within legitimate bounds, and it is the duty of the presiding judge to see that this duty is observed. When an illegal argument is made by an advocate to a jury, and the court, upon a proper objection and motion to exclude by the party against whom such argument is made, permits such argument to remain before the jury, an appellate court, upon a proper exception to the action of the trial court, will reverse the judgment of the trial court, provided the record does not show that the party complaining was not injured by such argument.—*Du Bose v. Conner,* 1 Ala. App. 456, 55 South. 432. Under the facts as they existed in this case, as shown by the bill of exceptions, we do not think that the portion of the argument to which the defendant objected and which he has called upon this court to review transgressed the bounds of legitimate argument.

3. The evidence tended to show that a house in which, among other things, one Gasmus, who was a butcher and who resided and did business at Florence, kept hog hides stored, was burglarized, and that, among other things, two hog hides were stolen from the house at the time of the burglary. There was evidence tending to

show that the defendant shortly after the burglary was in possession of and sold two hog hides, which some of the evidence tended to show were the stolen hides. The hides, it appears from the evidence, were green, and Gasmus, who saw the hides after the defendant sold them, swore that they were his hides; that he had a peculiar method of taking the hides from the hogs killed by him; and he was, against a general objection of the defendant, permitted to testify that he was the only person who was skinning hogs and selling hides in that community. Why, under the circumstances of the case, evidence that Gasmus was the only person in the community who skinned hogs for their hides was irrelevant to the question as to whether the hides which were in the possession of the defendant, and sold by him, were the stolen hides we are unable to discover. The defendant, a boy under fourteen years of age, sells two green hog hides shortly after a house is burglarized, from which two green hog hides were stolen; and, if Gasmus was the only person in the community in which the boy resided and where the burglary was committed who kept such articles for sale, it seems clear that the testimony was relevant.

In addition to this, the objection interposed by the defendant to the introduction of this testimony was a general objection, and a trial court will not be put in error for overruling a general objection to a question unless the evidence called for by such question is illegal or irrelevant on its face.—*Washington v. State,* 106 Ala. 58, 17 South. 546; *Gunter v. State,* 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; *McClellan v. State,* 117 Ala. 140, 23 South. 653; *Thomas v. State,* 139 Ala. 80, 36 South. 734.

4. The evidence in this case, if believed, established the corpus delicti. When the burglary was committed,

6 CA

its perpetrator stole from the building burglarized two hides, and there was evidence tending to show that the defendant had the stolen hides in his possession shortly after the burglary.—*Stephens v. State,* 1 Ala. App. 159, 55 South. 940. While the unexplained possession of goods recently stolen does not as matter of law in this state raise a presumption of guilt, yet, when the evidence beyond a reasonable doubt establishes a larceny accomplished by burglary, the unexplained recent possession by the defendant of the stolen goods is a fact from which the jury may draw the conclusion that the person in whose possession they were found is the party who committed the burglary.—*Stephens v. State, supra.*

5. Charge A, requested in writing by the defendant, was bad, and the court properly refused to give it to the jury. In this charge the defendant, in effect, asked the court to charge the jury that no matter how strong might be the circumstances indicating his guilt, if such circumstances could be reconciled with the theory based on the evidence that some other person could have done the act, then the jury should acquit the defendant. If the defendant had asked the court in said charge to instruct the jury that, if such circumstances could be reasonably reconciled with the theory that some other person may have committed the act, the charge, as requested, might have been free from error, but as asked it was bad.—*Bryant v. State,* 116 Ala. 445, 23 South. 40. For the same reason, charge G, requested by the defendant, was bad, and the court properly refused to give it to the jury.

6. Charge E is a charge which has been repeatedly condemned by the Supreme Court, and the court properly refused it.—*Compton v. State,* 110 Ala. 24, 20 South. 119; *Gibson v. State,* 91 Ala. 64, 9 South. 171; *Thomas v. State,* 106 Ala. 19, 17 South. 460.

7. Charge H is a mere argument, and has been condemned. It is in substance the same charge which, as charge No. 7, was condemned in the case of *Rogers v. State*, 117 Ala. 9, 22 South. 666.

8. All the other charges which the defendant in writing requested the court to give to the jury, and which the court refused to give to the jury, were either covered by written charges which the court gave to the jury, at the written request of the defendant, or are in conflict with the views which we have expressed in the above opinion.

After a careful examination of this record, it appears to this court that the defendant received a fair and impartial trial in the court below, and, as the record fails to disclose any error of the trial court for which this cause should be reversed, the judgment of the court below is affirmed.

Affirmed.