[Trailer v. The State.]

# Trailer *v.* The State.

### *Assault.*

(Decided June 21, 1913.   63 South. 37.)

1. *Evidence; Opinion.*—Where the evidence tended to show that the person assaulted had attacked the defendant with a knife, corroborative evidence of that fact should not have been stricken out, because the witness could not say positively that he saw a knife, but only that it seemed like a knife.

2. *Same; Weight and Sufficiency.*—The testimony of an eye witness to a crime is not to be excluded because his testimony is no more definite or certain than his observation warranted; the weight and sufficiency of such evidence being for the jury.

APPEAL from Dale Circuit Court.

Heard before Hon. MIKE SOLLIE.

Baltimore Trailer was convicted of an assault and he appeals.   Reversed and remanded.

H. L. MARTIN, for appellant.   The court was in error in striking out the statement of the witness that it seemed like a knife.—*Mitchell v. State,* 94 Ala. 72, and cases cited; *Stevens v. State,* 1 Ala. App. 163.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—In the trial the defendant sought to prove that the person he was charged to have assaulted first attacked him with a knife.   The testimony bearing upon this inquiry was in sharp conflict.   Sam Stuckey, a witness for the defendant, testified that he saw Arnold Rumph, the person alleged to have been assaulted by the defendant, striking at the latter.   Then, in answer to the question, "What was he striking at him with?" he stated, "It seemed like a knife."   The court

granted the motion of the state to exclude this answer, and to this ruling the defendant excepted. It was not a prerequisite to the admissibility of a statement by the witness, in reference to the object which he claimed he saw Rumph making use of in striking at the defendant, that his observation of it was such as to enable him to affirm with positiveness that it was a knife. His answer to the question imported that the object appeared to him to be a knife. The defendant was entitled to lay before the jury the result of the witness' observation of the occurrence, though the latter was unable to identify with certainty some things he claimed to have seen. It was the defendant's right to furnish such corroboration of the testimony of other witnesses, to the effect that Rumph attacked him with a knife, as would be afforded by the statement of the witness Stuckey, which was excluded. That statement was not subject to exclusion because the witness did not undertake to speak with positive assurance.

One's right to avail himself of the testimony of an eyewitness is not to be made dependent upon such witness' professing to be able to give a narrative more definite or certain as to details than his observation of them may have been.—*Mitchell v. State,* 94 Ala. 68, 10 South. 518; *Stephens v. State,* 1 Ala. App. 159, 55 South. 940. The testimony of a witness who claims to be cocksure about everything that was within the range of his observation is not necessarily the best evidence.

Other questions presented for review need not be ruled on, as they are such as may not arise in another trial.

It may be observed that if the issue under the defendant's plea of misnomer is again submitted to the jury, it should be required to respond to that issue in the verdict rendered.—*Davis v. State,* 136 Ala. 129, 33 South. 818.

Reversed and remanded.