# Brooks *v.* The State.

**Murder.**

(Decided January 30, 1917.  74 South. 85.)

1. **Appeal and Error; Review; Matters Presented.**—Where no motion was made to set aside a verdict as contrary to the weight of the evidence, and the general charge in behalf of defendant was not requested at the trial, the question of the sufficiency or weight of the evidence to authorize a conviction is not presented for review.

2. **Same.**—Where the evidence is conflicting, but there was sufficient evidence to sustain the verdict of guilt, the credibility and weight of the evidence was a jury question.

3. **Trial; Reception of Evidence; Objection.**—Where the fact that a certain individual was summoned does not appear in the record, there was no error in sustaining an objection to a question asked by defendant on cross examination of a state's witness as to whether witness had had this individual summoned, since the question assumes that such individual had been summoned as a witness.

4. **Witnesses; Examination; Repetition.**—Where a witness for the state admitted that she had given the names of the other state witnesses to the authorities, and had had them summoned, it was not prejudicial error to exclude a question on cross examination seeking to elicit a repetition of that testimony as to a particular witness.

5. **Charge of Court; Degree of Proof.**—A charge asserting that before the jury can convict, they must be satisfied to a moral certainty not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with any other rational conclusion, and unless they are so convinced that they would each venture to act upon that decision in matters of the highest concern and importance to themselves, they must find defendant not guilty, has been often condemned, and is properly refused.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Tommy Brooks was convicted of manslaughter, and he appeals. Affirmed.

The facts sufficiently appear. Charge 5, refused to defendant, is as follows:

Before the jury can convict defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and, unless the jury are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision in matters of the highest concern

[Brooks v. The State.]

and importance to his own interest, they must find defendant not guilty.

STROTHER, HINES & FULLER, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was indicted for murder in the second degree, and convicted of manslaughter in the first degree, and sentenced to a term of imprisonment in the penitentiary within the limitations of the periods of punishment prescribed by statute in such cases.

(1, 2) The defendant, in brief filed, argues at some length that the great weight of the evidence favors the defendant's theory of the case that some one else threw the rock that killed the deceased, when defendant and several others were present at a negro gathering (the defendant and all parties concerned being colored people) ; and that he (the defendant) was not at a place when the rock was thrown to make it physically possible for him to have been the person that threw the rock. There was testimony introduced in behalf of the state that the defendant threw the rock, striking the deceased on the forehead, inflicting a wound from which she subsequently died. There was also evidence going to show that the defendant had made threats against the deceased. No motion was made to set aside the verdict as contrary to the weight of the evidence, nor was the general charge in behalf of the defendant requested on the trial of the case; and we cannot see that the question of the weight of the evidence is presented on the record for review. The evidence was in sharp conflict as to the defendant's guilt, but there was ample evidence before the jury to sustain the verdict of guilt. The credibility to be accorded and the weight to be given the evidence were for the jury.

(3, 4) The only exception reserved to the ruling of the court on the evidence goes to the court's sustaining an objection of the solicitor to a question asked the witness Lula Gunn on cross-examination by defendant's counsel: "Did you have Charlie Carter summoned?" The question assumes that Charlie Carter had been summoned as a witness, a fact which does not appear from anything in the record, and the court's ruling could be sustained for this reason.—*Andrews v. State*, 159 Ala. 14, 27,

[Doublin v. The State.]

48 South. 858. It is also shown that the witness admitted that she had given in the names of state's witnesses and had them summoned, and no injury could have resulted to defendant in the court's sustaining an objection to permitting her to repeat the fact with respect to this particular witness—if he was a witness.—*Roden v. State*, 3 Ala. App. 204, 58 South. 73.

(5) Charge No. 5 was properly refused. Beginning with the case of *Rogers v. State*, 117 Ala. 9, 22 South. 666, charges of this character have repeatedly been held bad. See *Montgomery v. State*, 169 Ala. 12, 53 South. 991; *Goodlett v. State*, 136 Ala. 39, 33 South. 892; *Rogers v. State*, 117 Ala. 9, 22 South. 666; and *Key v. State*, 4 Ala. App. 76, 58 South. 946.

We find nothing in the record justifying a reversal of the judgment of conviction. The defendant seems to have had a fair trial at the hands of the court, and the question of his guilt or innocence was a matter for the jury that it has resolved against him.

Affirmed.